Melissa H. Sargeant
HI BAR No. 6202
Seaport Law Group, LLC
503 Seaport Ct, Ste. 103 Redwood City, CA 94063
(650) 293-0270 (Telephone)
(650) 249-3466 (Facsimile)
attorney@seaportlg.com (Email)

Attorney for Petitioner-Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| F.A.D, | Case No. 3:25-cv-09837 |
|---|---|
| Petitioner -Plaintiff,<br>Vs.<br><br>Sergio ALBARRAN, et al.,<br><br>Respondent | **AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Case No. 3:25-cv-09837

1

# AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 15 and the *Order Adopting Proposed Briefing Schedule*, ECF No. 18 (N.D. Cal. Dec. 18, 2025), Petitioner hereby files this First Amended Petition. In accordance with Civil Local Rule 10-1, a copy of the initial petition is attached hereto as Exhibit A.

Petitioner Francisco Amezquita Diaz ("Petitioner"), a native of Mexico and a resident of the United States for over 30 years, brings this action to challenge his unlawful mandatory detention by U.S. Immigration and Customs Enforcement ("ICE").

This case challenges a novel and unlawful "new interpretation" of **8 U.S.C. § 1225(b)(2)(A)**, through which Respondents assert the authority to summarily arrest and detain long-term residents indefinitely—without any possibility of bond—simply because they initially entered the U.S. without inspection. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Petitioner was arrested on November 14, 2025, inside a USCIS field office while attending a bona fide interview for adjustment of status. Despite his lack of any criminal record and his decades of community ties, he was subjected to mandatory detention under Section 1225.

This Court has already found that Petitioner raised serious legal questions regarding the government's authority to subject non-arriving aliens in the interior to mandatory detention. *Amezquita Diaz v. Albarran*, No. 3:25-cv-09837-JSC, 2025 WL 3214972 (N.D. Cal. Nov. 18, 2025).

AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

2

## II. JURISDICTION AND VENUE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act), 28 U.S.C. § 2241 (habeas corpus), Article I, § 9, cl. 2 of the U.S. Constitution (the Suspension Clause), the Fourth and Fifth Amendments to the U.S. Constitution, and 5 U.S.C. §§ 701-706 (Administrative Procedure Act).

Venue is proper under **28 U.S.C. § 1391(e)(1)** as the Respondents are federal officers and the events occurred within the Northern District.

## III. PARTIES

**Petitioner Francisco Amezquita Diaz** is currently at liberty under the protections of this Court's December 5, 2025, Preliminary Injunction.

**Respondent Kristi Noem** is the Secretary of DHS and ultimate custodian.

**Respondent Pamela Bondi** is the Attorney General of the United States.

**Respondent Todd Lyons** is the Acting Director of ICE.

**Respondent Sergio Albarran** is the Acting Field Office Director for the San Francisco Field Office and Petitioner's immediate custodian.

## IV. STATEMENT OF FACTS

Petitioner has resided in the U.S. for over 30 years and has two U.S. citizen children.

On November 14, 2025, Petitioner's I-130 petition filed by his daughter was approved.

**AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Case No. 3:25-cv-09837

3

At the conclusion of his I-485 adjustment interview with USCIS, Petitioner was arrested by ICE officers.

USCIS administratively closed his I-485 Adjustment of status application, stating Petitioner is "not an arriving alien" and that the Immigration Court has jurisdiction over the Adjustment of Status application.

## EXHAUSTION

There is no requirement to exhaust because no other forum exists in which Mr. Diaz can raise the claims herein. There is no statutory exhaustion requirement prior to challenging the constitutionality of an arrest or detention, or challenging a policy under the Administrative Procedure Act. Prudential exhaustion is not required here because it would be futile, and Mr. Diaz will "suffer irreparable harm if unable to secure immediate judicial consideration of [their] claim." *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992). Any further exhaustion requirements would be unreasonable.

## LEGAL BACKGROUND

**A. The Constitution Protects Noncitizens Like Petitioner from Arbitrary Arrest and Detention.**

The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (quoting *Zadvydas*, 533 U.S. at 693). These due process rights are both substantive and procedural.

First, "[t]he touchstone of due process is protection of the individual against arbitrary action of government," *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974), including "the exercise of power without any reasonable

AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

4

justification in the service of a legitimate government objective," *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

These protections extend to noncitizens facing detention, as "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

Substantive due process thus requires that all forms of civil detention—including immigration detention—bear a "reasonable relation" to a non-punitive purpose. See *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). The Supreme Court has recognized only two permissible non-punitive purposes for immigration detention: ensuring a noncitizen's appearance at immigration proceedings and preventing danger to the community. *Zadvydas*, 533 U.S. at 690–92; see also *Demore v. Kim*, 538 U.S. 510, 519-20, 527-28, 31 (2003).

Second, the procedural component of the Due Process Clause prohibits the government from imposing even permissible physical restraints without adequate procedural safeguards.

Generally, "the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). This is so even in cases where that freedom is lawfully revocable. See *Hurd v. D.C. Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017) (citing *Young v. Harper*, 520 U.S. 143, 152 (1997) (re-detention after pre-parole conditional supervision requires pre-deprivation hearing)); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471 (1972) (same, in parole context).

After an initial release from custody on conditions, even a person paroled following a conviction for a criminal offense for which they may lawfully have remained incarcerated has a protected liberty interest in

AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

5

that conditional release. *Morrissey*, 408 U.S. at 482. As the Supreme Court recognized, "[t]he parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Id.* "By whatever name, the liberty is valuable and must be seen within the protection of the [Constitution]." *Id.*

This reasoning applies with equal if not greater force to people released from civil immigration detention at the border, like Mr. Diaz. After all, noncitizens living in the United States like Petitioner have a protected liberty interest in their ongoing freedom from confinement. See *Zadvydas*, 533 U.S. at 690. And, "[g]iven the civil context [of immigration detention], [the] liberty interest [of noncitizens released from custody] is arguably greater than the interest of parolees." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

## B. The Suspension Clause Guarantees Judicial Review of Executive Detention.

The Suspension Clause of the Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. The Clause ensures that the Executive Branch cannot hold individuals in custody without a "meaningful opportunity" to challenge the legal basis for their detention before a neutral judicial decision-maker. *Boumediene v. Bush*, 553 U.S. 723, 779 (2008).

The Supreme Court has affirmed that the Suspension Clause applies to noncitizens, noting that the "Privilege of the Writ" is a vital instrument to check "arbitrary and lawless action" by the government. *INS v. St. Cyr*, 533 U.S. 289, 301 (2001). Because Congress has not formally suspended the writ, the Court maintains its historical equitable power to review the legality of Mr. Diaz's detention and ensure the government has not exceeded its statutory or constitutional authority.

## V. LIKELIHOOD OF SUCCESS ON THE MERITS

AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

6

Petitioner is likely to prevail because the mandatory detention provision of **8 U.S.C. § 1225(b)(2)(A)** applies only to "arriving aliens" at a port of entry, not to individuals arrested in the interior of the country after decades of residence.

**Statutory Structure**: As argued in *Mancilla Ruiz v. Larose*, No. 25-cv-02714-BAS-SBC, 2025 WL 3214975 (S.D. Cal. Nov. 18, 2025), applying Section 1225 to all interior arrests would render **8 U.S.C. § 1226(a)** and the **Laken Riley Act** entirely superfluous.

**Judicial Consensus Against Matter of Yajure Hurtado**: The BIA's decision in *Matter of Yajure Hurtado* has been resoundingly rejected by district courts nationwide. Attached as Exhibit 1 is a compendium of over 285 favorable district court decisions from across the United States—spanning the Southern District of New York to the Eastern District of California—all of which have found that long-time residents are protected by 8 U.S.C. § 1226(a) and cannot be held in mandatory detention under Section 1225. *See Compendium of Favorable District Court Cases*, Exhibit B.

These courts have consistently held that the phrase "seeking admission" in Section 1225 is a present-tense act occurring at the border, which does not apply to individuals like Petitioner who have lived in the U.S. interior for over 30 years. *See Barco Mercado v. Francis*, No. 1:25-cv-06582-LAK, 2025 WL 2658779 (S.D.N.Y. Nov. 26, 2025); *see also Guerrero Lepe v. Andrews*, No. 1:25-cv-01163-KES, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025).

**Due Process**: Following the reasoning in *Leon v. Noem*, No. 5:25-cv-02582-FMO-RAO (C.D. Cal. Oct. 2, 2025), once the government processes a noncitizen for a benefit, he has a protected liberty interest in remaining out of custody. Mandatory detention without a hearing for a person with Petitioner's ties violates the heart of the Fifth Amendment's liberty protections.

**AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Case No. 3:25-cv-09837

7

## VI. CAUSES OF ACTION

**COUNT ONE: Violation of 8 U.S.C. § 1226(a) (Statutory Authority)** 21. Petitioner is subject to Section 1226(a), which mandates an individualized bond hearing before an Immigration Judge.

**COUNT TWO: Violation of the Fifth Amendment (Due Process)** Mandatory detention without a finding of flight risk or danger to the community is unconstitutional for a person with Petitioner's ties.

**COUNT THREE: Violation of 8 U.S.C. § 1357(a)(2) (Warrantless Arrest)** 23. Respondents failed to show Petitioner was likely to escape before a warrant could be obtained.

## VII. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court:

1. Grant the Writ of Habeas Corpus;
2. Enjoin Respondents from re-detaining Petitioner without seven (7) days' notice and a pre-deprivation bond hearing;
3. Award reasonable attorney's fees and costs under the Equal Access to Justice Act (EAJA).

Date: January 15, 2026

Respectfully submitted,

*/s/ Melissa H. Sargeant*

Attorney for Plaintiff

**AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Case No. 3:25-cv-09837

8

# VERIFICATION

I, Francisco Amezquita Diaz, declare under penalty of perjury that the facts stated in the foregoing Petition are true and correct.

DATED: January 14, 2026

*Francisco Diaz*

*Francisco Amezquita Diaz*

AMENDED VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

9