# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.A.D,<br><br>Petitioner -Plaintiff,<br>Vs.<br><br>Sergio ALBARRAN, et al.,<br><br>Respondent | Case No. 3:25-cv-09837<br><br>**[PROPOSED] ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND PERMANENT INJUNCTIVE RELIEF.** |

[PROPOSED] ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND PERMANENT INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

1

# [PROPOSED] ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND PERMANENT INJUNCTIVE RELIEF

The Court, having considered Petitioner Francisco Amezquita Diaz's Amended Verified Petition for Writ of Habeas Corpus, hereby finds and orders as follows:

## I. FINDINGS

   1. **Statutory Authority**: Petitioner is a long-term resident of the United States who was arrested in the interior of the country. This Court joins the reasoning of *Barco Mercado v. Francis*, 2025 WL 2658779 (S.D.N.Y. 2025) and *Mancilla Ruiz v. Larose*, 2025 WL 3214975 (S.D. Cal. 2025) in finding that the mandatory detention provisions of **8 U.S.C. § 1225(b)(2)(A)** apply only to noncitizens at a port of entry "seeking admission" in the present tense.

   2. **Applicability of Section 1226**: The Court finds that Petitioner's detention is governed by **8 U.S.C. § 1226(a)**. To hold otherwise would render Section 1226(a) and the specific mandatory detention categories of the **Laken Riley Act** (8 U.S.C. § 1226(c)(1)(E)) superfluous and meaningless.

   3. **Due Process**: As previously held in this Court's orders dated November 18, 2025, and December 5, 2025, re-detaining a person with Petitioner's substantial community ties and approved visa petition without an individualized hearing before a neutral arbiter violates the Fifth Amendment's guarantee of Procedural Due Process.

[PROPOSED] ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND PERMANENT INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

2

## II. ORDER

**IT IS HEREBY ORDERED** that the Amended Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. **Declaratory Relief**: The Court **DECLARES** that Respondents' interpretation and application of 8 U.S.C. § 1225(b)(2)(A) to Petitioner, a non-arriving alien arrested in the interior, is *ultra vires* and contrary to law.

2. **Permanent Injunction**: Respondents, their agents, and all persons acting in concert with them are **PERMANENTLY ENJOINED** from re-detaining Petitioner based on the mandatory detention framework of Section 1225.

3. **Pre-Deprivation Requirements**: If Respondents seek to re-detain Petitioner under any other authority, they must:
   - Provide Petitioner and his counsel at least **seven (7) days' written notice** of the intent to re-detain; and
   - Hold a **pre-deprivation bond hearing** before an Immigration Judge pursuant to **8 U.S.C. § 1226(a)**.

4. **Burden of Proof**: At any such hearing, the government shall bear the burden of proving by **clear and convincing evidence** that Petitioner is a flight risk or a danger to the community, consistent with the due process standards articulated in *Barco Mercado*.

[PROPOSED] ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND PERMANENT INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

3

5. **Attorney's Fees**: Petitioner is the prevailing party for purposes of the **Equal Access to Justice Act (EAJA)**, 28 U.S.C. § 2412. Petitioner shall submit a motion for reasonable attorney's fees and costs within thirty (30) days of this Order becoming final and non-appealable.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____

**JACQUELINE SCOTT CORLEY**

United States District Judge

[PROPOSED] ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND PERMANENT INJUNCTIVE RELIEF
Case No. 3:25-cv-09837

4