United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO AMEZQUITA DIAZ,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 3:25-cv-09837-JSC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, who is originally from Mexico, has lived in this country for over 30 years. He currently has an approved I-130 visa petition sponsored by his United States citizen daughter. While at an interview on his concurrently filed application to adjust his status, Immigration and Customs Enforcement (ICE) officers arrested him and took him into custody. Petitioner was detained without a bond hearing based on the government's interpretation of 8 U.S.C. § 1225(b)(2)(A) as requiring mandatory detention during removal proceedings for all noncitizens who entered the United States without lawful admission. Petitioner's habeas petition challenging his detention is now pending before the Court. (Dkt. Nos. 1, 19.[1]) For the reasons set forth below, the Court GRANTS the petition.

**BACKGROUND**

On November 14, 2025, Petitioner, through counsel, filed a petition for writ of habeas corpus and a motion for a temporary restraining order (TRO). (Dkt. Nos. 1, 2.) The following day, the Court granted the TRO and subsequently entered a preliminary injunction. (Dkt. Nos. 10, 16.) The Court concluded Petitioner "has demonstrated, at a minimum, that his Petition raises serious legal questions regarding the applicability of Section 1225(b)(2) to his situation and re-detaining

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

him without a pre-deprivation hearing would violate his procedural due process rights under the Fifth Amendment." (Dkt. No. 16 at 5.) Respondents were enjoined from re-detaining him without notice and "a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered." (*Id*. at 6.)

Following the Court's preliminary injunction order, Petitioner submitted an amended habeas petition raising two claims in addition to his due process claim: (1) a violation of 8 U.S.C. § 1226(a), and (2) a warrantless arrest claim under 8 U.S.C. § 1357(a)(2). (Dkt. No. 19.) In their response to the amended habeas petition, Respondents concede "the reasoning in this Court's earlier decision in this case" "would control the result here if the Court adheres to that decision." (Dkt. No. 22 at 4.) After the petition was fully briefed, the Ninth Circuit Court of Appeals issued its decision in *Rodriguez Vazquez v. Bostock*, ___ F.4th ___, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026), affirming the Court's interpretation and holding "[noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." The Court ordered supplemental briefing, which is now complete. (Dkt. Nos. 28, 29, 30.)

**DISCUSSION**

**A. Procedural Due Process Claim**

Respondents concede *Rodriguez Vazquez* decided the "statutory question that has been at issue in this case," but nonetheless insist Petitioner has no constitutionally protected liberty interest in a pre-deprivation hearing. (Dkt. No. 29 at 2-4.) The Court disagrees. Having now lived in this country for 30 years, raised two United States citizen children, and obtained full-time employment at Costco pursuant to an approved employment authorization, Petitioner has a substantial liberty interest in avoiding an erroneous deprivation of his liberty.

"[N]oncitizens 'who have established connections in this country [beyond merely entering the United States] have due process rights in deportation proceedings." *Chavarriaga Rojas v. Albarran*, 826 F. Supp. 3d 1155, 1165 (N.D. Cal. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)

United States District Court
Northern District of California

("[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent."). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Petitioner has had multiple prior encounters with immigration authorities—he submitted two I-130 petitions (both of which were approved), he filed for and was provided employment authorization, and his biometrics were taken as part of his employment authorization and adjustment of status applications. (Dkt. No. 30 at 3.) The government made a choice not to detain him at any time in the five years since he filed his first I-130 petitioner until November 14, 2025, when he went into his adjustment of status interview and was arrested with no warning. Under these circumstances, Petitioner had "a protected liberty interest in remaining out of immigration custody [that] could be taken away only if the government's procedure for doing so accorded with due process." *Chavarriaga Rojas*, 826 F. Supp. 3d at 1166 (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to similar circumstances).

Further, "where ... the petitioner has not received any bond or custody redetermination hearing," "the risk of an erroneous deprivation of liberty is high." *Singh v. Andrews*, 803 F.Supp.3d 1035, 1046 (E.D. Cal. 2025) (citation modified). That is because "neither Petitioner nor Respondents had an opportunity to determine whether any valid basis exists for [his] detention." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *7 (N.D. Cal. Sept. 18, 2025). Civil immigration detention is supposed to be nonpunitive and permissible only to prevent flight or protect against danger to the community, *see Zadvydas*, 533 U.S. at 690, but Respondents offer no evidence Petitioner's detention would serve either purpose. Under these circumstances, a post-deprivation hearing is not a sufficient procedural safeguard. *See Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while

detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid").

Finally, there is no countervailing government interest which would support conducting a bond hearing only *after* Petitioner has been detained, rather than before. *See Morrissey v. Brewer,* 408 U.S. 471, 483 (1972) ("the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial[,] ... [y]et, the State has no interest in revoking parole without some informal procedural guarantees."). Respondents have not articulated a legitimate interest supporting arresting Petitioner without a pre-detention hearing. "In immigration court, custody hearings are routine and impose a minimal" cost." *Singh*, 803 F. Supp. 3d at 1048 (cleaned up). "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

### B. Warrantless Arrest Claim

Respondents do not address Petitioner's warrantless arrest claim under 8 U.S.C. § 1357(a)(2). Section 1226(a) provides "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under the implementing regulation, 8 C.F.R. § 236.1(b)(1), a noncitizen may only be arrested and detained pursuant to the Form I-200 Administrative Warrant if it is issued by an authorized official:

> At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest. A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter.

8 C.F.R. § 236.1(b)(1). Immigration officers are authorized to make warrantless arrests in limited circumstances. These include when a noncitizen is "entering or attempting to enter the United States in violation of any law or regulation ... regulating the admission, exclusion, expulsion, or

removal of aliens," or when an officer has reason to believe (i) the noncitizen is in the United States in violation of such laws or regulations and (ii) the noncitizen is likely to "escape" before an arrest warrant can be obtained. 8 U.S.C. § 1357(a)(2); *see also* 8 U.S.C. §§ 1357(a)(4) – (5) (providing other circumstances that justify warrantless arrest).

Respondents have not offered any evidence of a warrant and have not disputed Petitioner's claim that his arrest was warrantless or argued any exceptions for a warrantless arrest under 1357(a)(2) applied.[2] "As issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a), unless an exception applies, a noncitizen may not be arrested and detained under section 1226(a) without one." *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2 (E.D. Cal. July 16, 2026) (cleaned up) (collecting cases and concluding "Petitioner's arrest and subsequent detention was unlawful because it was made without a warrant, and no exceptions for a warrantless arrest under § 1357(a)(2) applied."); *see also Landa Zaragoza v. Chestnut*, No. 1:26-CV-05294 (EJD), 2026 WL 2049841, at *2 (E.D. Cal. July 15, 2026) (same).

**CONCLUSION**

For the above reasons, the Petition is GRANTED. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

The Court will enter separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 25, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

[2] Respondents' failure to offer evidence of a warrant or that an exception to the warrant requirement applied waives any argument to the contrary. *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) ("VVV's non-opposition to the later motion to dismiss waived any challenge to the dismissal of its claims based on the '000 and '172 marks."). "In order to preserve an issue for appeal, a party must make known to the court any objection to the court's action." *Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir. 1994).